## MIRAGLIO v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
June 22, 1927.

No. 7721.

**1. Counterfeiting ⬤═16—Indictment charging counterfeiting of coins in denominations of $1, 50 cents, and 25 cents held not to charge counterfeiting of minor coins only (Comp. St. § 6458; Criminal Code, §§ 163, 164 [Comp. St. §§ 10333, 10334]).**

Indictment charging making counterfeit silver coins in denominations of $1, 50 cents, and 25 cents *held* to properly charge violation of Criminal Code, § 163 (Comp. St. § 10333), rather than section 164 (Comp. St. § 10334), relative to the counterfeiting of minor coins of the United States, in view of Rev. St. § 3515 (Comp. St. § 6458), defining minor coins.

**2. Criminal law ⬤═991(1)—Sentence of five years on each of three counts for counterfeiting, sentences to run concurrently, held not unauthorized (Criminal Code, § 163 [Comp. St. § 10333]).**

Under Criminal Code, § 163 (Comp. St. § 10333), relative to counterfeiting gold and silver coins, and authorizing maximum punishment of ten years' imprisonment, sentence of imprisonment for five years on each of three counts, sentences to run concurrently, *held* not unauthorized.

In Error to the District Court of the United States for the Eastern District of Oklahoma. R. L. Williams, Judge.

Joe Miraglio was convicted of counterfeiting, and he brings error. Affirmed.

Joe Miraglio, in pro. per.

Frank Lee, U. S. Atty., and J. H. Wilkins, Asst. U. S. Atty., both of Muskogee, Okl.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

PER CURIAM. [1, 2] Plaintiff in error was convicted in the District Court of the United States for the Eastern District of Oklahoma on three counts of an indictment charging violation of Criminal Code, § 163 (Comp. St. § 10333), relative to counterfeiting gold or silver coins or bars of the United States. On one count of the indictment a verdict of not guilty was returned upon direction of the court. Sentences of imprisonment in the penitentiary for five years were imposed upon each count upon which plaintiff in error had been found guilty, the sentences to run concurrently. The indictment was not questioned during the trial of the case. No demurrer thereto, or motion to quash, was filed, or request for bill of particulars. Nor was the question raised as to the sufficiency of the indictment in any motion to arrest the judgment. We have examined the record carefully, in view of the objections to the indictment made in this court, and find the contentions of plaintiff in error as to the insufficiency of the indictment are not well founded. In our judgment the crime charged was sufficiently stated in the indictment and the evidence amply sufficient to sustain the verdict of the jury.

Plaintiff in error asserts that the punishment was in excess of the maximum provided by the statutes of the United States, claiming that the violation of law, if one had occurred, was of section 164 of the Criminal Code (Comp. Stat. § 10334), which relates to the counterfeiting of the minor coins of the United States, as to which the maximum of punishment is three years' imprisonment. The indictment here, however, is under section 163 of the Criminal Code (Comp. Stat. § 10333), which is the general statute relative to counterfeiting the gold or silver coins of the United States. And under that section the maximum punishment upon conviction is imprisonment for ten years in the penitentiary. The various counts of the indictment in this case charge the making, in the likeness and similitude of the silver coinage of the United States, of counterfeit silver coins in the denominations of $1, 50 cents, and 25 cents. The statutes of the United States define minor coins. Rev. Stat. § 3515 (Comp. Stat. § 6458). The coins alleged in the indictment to be counterfeit were not in the similitude of the minor coins of the United States, and the applicable section of the Criminal Code is section 163 (Comp. Stat. § 10333), under which plaintiff in error could have been sentenced to imprisonment for ten years in the penitentiary. He has no cause to complain of the sentence of five years' imprisonment, especially as the sentences on the three counts run concurrently.

The petition for writ of error clearly presents no question of merit, and the judgment of the trial court is affirmed.